Debtor    **Elgin Energy Center, LLC**
          Name

Case number *(if known)* _____

---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**
(State)

Case number *(if known)*: _____    Chapter   11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **Elgin Energy Center, LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **N/A** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **90-1024819** |
| 4. | **Debtor's address** | **Principal place of business**<br>**1559 Gifford Rd**<br>Number       Street<br><br>**Elgin        IL    60120-7315**<br>City          State   Zip Code<br><br>**Kane**<br>County | **Mailing address, if different from principal place of business**<br>**13860 Ballantyne Corporate Place**<br>Number       Street<br>**Suite 300**<br><br>**Charlotte    NC    28277**<br>City          State   Zip Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>Number       Street<br><br>City          State   Zip Code |
| 5. | **Debtor's website** (URL) | https://www.cogentrix.com/ |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor  **Elgin Energy Center, LLC**                       Case number *(if known)* _____
           Name

| | |
|---|---|
| **7. Describe debtor's business** | A. *Check One:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☒ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>**2211 (Electric Power Generation, Transmission and Distribution)** |
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check One:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11.  *Check all that apply:*<br>  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11**. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ☐ A plan is being filed with this petition.<br>  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br>If more than 2 cases, attach a separate list. | ☒ No<br>☐ Yes    District _____ When _____ Case number _____<br>                                             MM/DD/YYYY<br>         District _____ When _____ Case number _____<br>                                             MM/DD/YYYY |
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes    Debtor  **See Attached Rider**   Relationship _____<br>         District _____                    When: **03/31/2023**<br>         Case number, if known _____              MM / DD / YYYY |

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy                page 2

Debtor  Elgin Energy Center, LLC  
       *Name*

Case number *(if known)* _____

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No  
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.  
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____  
    Number  Street

_____  _____  _____  
City  State  Zip Code

**Is the property insured?**

☐ No  
☐ Yes. Insurance agency _____  
    Contact name _____  
    Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.  
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49  
☒ 50-99  
☐ 100-199  
☐ 200-999  

☐ 1,000-5,000  
☐ 5,001-10,000  
☐ 10,001-25,000  

☐ 25,001-50,000  
☐ 50,001-100,000  
☐ More than 100,000

**15. Estimated assets***

*Consolidated for all Debtors.

☐ $0-$50,000  
☐ $50,001-$100,000  
☐ $100,001-$500,000  
☐ $500,001-$1 million  

☐ $1,000,001-$10 million  
☐ $10,000,001-$50 million  
☐ $50,000,001-$100 million  
☒ $100,000,001-$500 million  

☐ $500,000,001-$1 billion  
☐ $1,000,000,001-$10 billion  
☐ $10,000,000,001-$50 billion  
☐ More than $50 billion

Debtor    Elgin Energy Center, LLC
         Name

Case number *(if known)*

| 16. Estimated liabilities* | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| *Consolidated for all Debtors. | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **03/31/2023**
               MM/ DD / YYYY

X    **/s/ Justin D. Pugh**                    **Justin D. Pugh**
   Signature of authorized representative of debtor    Printed name

Title    **Chief Restructuring Officer**

**18. Signature of attorney**

X    **/s/ Kara Hammond Coyle**            Date    **03/31/2023**
   Signature of attorney for debtor                    MM/DD/YYYY

**Kara Hammond Coyle**

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Firm name

**Rodney Square, 1000 North King Street**
Number            Street

**Wilmington**                    **DE**        **19801**
City                        State        ZIP Code

**(302) 571-6600**                **kcoyle@ycst.com**
Contact phone                    Email address

**No. 4410**                    **DE**
Bar number                    State

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "**Debtors**") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of **Lincoln Power, L.L.C.**

| COMPANY |
| --- |
| Lincoln Power, L.L.C. |
| Cogentrix Lincoln Holdings, LLC |
| Cogentrix Lincoln Holdings II, LLC |
| Elgin Energy Center Holdings, LLC |
| Elgin Energy Center, LLC |
| Rocky Road Power, LLC |
| Valley Road Funding, LLC |
| Valley Road Holdings, LLC |

EXECUTION VERSION

# WRITTEN CONSENT
# OF THE SOLE MEMBER OF
# ELGIN ENERGY CENTER, LLC

March 30, 2023

The undersigned, being the sole member (the "**Member**") of Elgin Energy Center, LLC, a Delaware limited liability company (the "**Company**", and, together with the entities listed on Exhibit A hereto, the "**Companies**"), in lieu of holding a special meeting of the Member, hereby takes the following actions and adopts the following resolutions by written consent pursuant to the limited liability company agreement of the Company and Section 18-302(d) of the Limited Liability Company Act of the State of Delaware:

**RESOLVED**, that in the judgment of the Member it is desirable and in the best interests of the Company, its creditors, stockholders and other interested parties that the Company seek relief under the provisions of Chapter 11, Title 11 of the United States Code (the "**Bankruptcy Code**");

**FURTHER RESOLVED**, that the Company is hereby authorized, and each Authorized Governing Person (as defined below) shall be, and hereby is, authorized and directed on behalf of the Company, to take all such steps and do all such acts and things as they shall deem necessary or advisable to commence a case under Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**"), including, but not limited to, by executing, verifying and delivering a voluntary petition in the name of the Company under Chapter 11 of the Bankruptcy Code and causing the same to be filed with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), making any and all other necessary filings with the Bankruptcy Court and any other filings that such Authorized Governing Persons determine to be necessary or advisable, making and executing any necessary or advisable instruments, certificates, affidavits, or other documents in connection therewith, signing or endorsing any checks, posting any bonds, and paying any fees and expenses in such connection, and taking any and all actions to make, execute, verify, and file all applications, certificates, documents, or other instruments and to do any and all acts and things that any one or more of them shall deem necessary, advisable, or appropriate in order to carry out the intent and purpose of any and all of the foregoing resolutions, each such petition, application, certificate, document or other instrument, in such form and at such time as the Authorized Governing Person executing the same shall determine;

**FURTHER RESOLVED**, that the Company is authorized, and each Authorized Governing Person shall be, and hereby is, authorized and directed on behalf of the Company, to seek to have its Chapter 11 Case jointly administered by the Bankruptcy Court with the separate cases commenced by the other Companies under Chapter 11 of the Bankruptcy Code (the respective Chapter 11 Case together with such other separate cases, the "**Chapter 11 Cases**");

**FURTHER RESOLVED**, that the Company is hereby authorized, and each Authorized Governing Person shall be, and hereby is, authorized, on behalf of and in the name of the Company,

to the extent applicable, to obtain the use of cash collateral, in such amounts and on such terms as may be agreed by any Authorized Governing Person, including the grant of replacement liens or other adequate protection, as is reasonably necessary for the continuing conduct of the affairs of the Company;

**FURTHER RESOLVED**, that the Company is hereby authorized, and each Authorized Governing Person shall be, and hereby is, authorized, on behalf of and in the name of the Company, to enter into such forbearance agreements, waivers, amendments or modifications, or other supplements relating to the Company's existing indebtedness as may be deemed necessary or appropriate by such Authorized Governing Person;

**FURTHER RESOLVED**, that (i) the Company is hereby authorized, and each Authorized Governing Person shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of the Company, to negotiate, execute, deliver, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers, including all loan agreements, notes, guaranties, security agreements, pledge agreements, intercreditor agreements, subordination agreements, financing statements, mortgages, account control agreements, intellectual property security agreements and all other documents, agreements or instruments (collectively, the "**Credit Documents**"), and to take any and all actions that the Authorized Governing Person deems necessary or appropriate, each in connection with the Chapter 11 Cases, any post-petition financing or any cash collateral usage contemplated hereby or thereby and (ii) any transactions contemplated by the Credit Documents are in all respects approved;

**FURTHER RESOLVED**, that any guaranty and/or incurrence of indebtedness, grant of security interests and/or pledges by the Company as contemplated in any of the Credit Documents, and any additional liens pursuant to any additional security agreements, pledge agreements or similar documents that any agent or lender under the Credit Documents may require are hereby authorized, approved and adopted, as applicable;

**FURTHER RESOLVED**, that the foregoing resolutions shall be deemed to also authorize the Company to act in its capacity as member, manager and/or general or limited partner, as applicable, of any of its subsidiaries to authorize any actions by such subsidiaries in connection with the consummation of the transactions contemplated by the Credit Documents;

**FURTHER RESOLVED**, that the Company is hereby authorized, and each Authorized Governing Person shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to employ and retain the law firms of Latham & Watkins LLP and Young Conaway Stargatt & Taylor, LLP to act as attorneys, Guggenheim Securities, LLC to act as financial advisors and investment banker, and Omni Agent Solutions, Inc. to act as claims and noticing agent for the Company in connection with the Chapter 11 Cases;

**FURTHER RESOLVED**, that the Company is hereby authorized, and each Authorized Governing Person shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to employ and retain such further legal, restructuring, financial, accounting,

2

bankruptcy services firms and other professionals (together with the foregoing identified firms, the "**Professionals**") as may be deemed necessary or appropriate by the Authorized Governing Person to assist the Company in carrying out its responsibilities in the Chapter 11 Cases and achieving a successful reorganization;

**FURTHER RESOLVED**, that the Company is hereby authorized, and each Authorized Governing Person shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute appropriate retention papers and cause to be filed an appropriate application for authority to retain the services of each Professional as may be deemed necessary or appropriate;

**FURTHER RESOLVED**, that in the judgment of the Board it is desirable and in the best interests of the Company, its creditors, stockholders and other interested parties that the Company, Rocky Road Power, LLC, and Lincoln Power, L.L.C. file a complaint against PJM Interconnection L.L.C. and PJM Settlement, Inc. (the "**PJM Complaint**"), commencing an adversary proceeding in connection with the Chapter 11 Cases (the "**PJM Adversary Proceeding**") and prosecuting or resolving such adversary proceeding, as appropriate;

**FURTHER RESOLVED**, that the Company is hereby authorized, and each Authorized Governing Person shall be, and hereby is, authorized and directed on behalf of the Company, to take all such steps and do all such acts and things as they shall deem necessary or advisable to file the PJM Complaint and prosecute or resolve the PJM Adversary Proceeding, making any and all other filings that such Authorized Governing Persons determine to be necessary or advisable, making and executing any necessary or advisable instruments, certificates, affidavits, or other documents in connection therewith, signing or endorsing any checks, posting any bonds, and paying any fees and expenses in such connection, and taking any and all actions to make, execute, verify, and file all applications, motions, certificates, documents, or other instruments and to do any and all acts and things that any one or more of them shall deem necessary, advisable, or appropriate in order to carry out the intent and purpose of any and all of the foregoing resolutions, each such petition, application, certificate, motion, document or other instrument, in such form and at such time as the Authorized Governing Person executing the same shall determine;

**FURTHER RESOLVED**, that each Authorized Governing Person be, and hereby is, authorized, with full power of delegation, in the name and on behalf of the Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in the judgment of the Authorized Governing Person shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions;

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by any officer of the Company or any of the Professionals in connection with the Chapter 11 Case or any proceedings related thereto (including the PJM Adversary Proceeding), or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company;

3

**FURTHER RESOLVED**, that any and all actions, whether previously or subsequently taken by any Authorized Governing Person or any other person authorized to act by an Authorized Governing Person, that are consistent with the intent and purpose of the foregoing resolutions or in connection with any matters referred to herein, shall be, and the same hereby are, in all respects, ratified, approved and confirmed; and

**FURTHER RESOLVED**, that for the purposes of these resolutions, the term "**Authorized Governing Person**" shall mean and include the President, Chief Restructuring Officer, each Vice President, Treasurer, Secretary and Assistant Secretary of the Company.

# EXHIBIT A

Cogentrix Lincoln Holdings, LLC
Cogentrix Lincoln Holdings II, LLC
Lincoln Power, L.L.C.
Elgin Energy Center Holdings, LLC
Valley Road Holdings, LLC
Valley Road Funding, LLC
Rocky Road Power, LLC

Debtor name  **Lincoln Power, L.L.C.**

**UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE**

Case No. (If known) _____

☐ Check if this is an amended filing

# Modified Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

The Debtor and its debtor affiliates (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The following is a consolidated list of the Debtors' creditors holding the 30 largest unsecured claims based on the Debtors' books and records estimated as of the petition date. This list is prepared in accordance with Bankruptcy Rule 1007(d) for filing in these chapter 11 cases. The list does not include: (1) persons who come within the definition of "insider" set forth in section 101 of the Bankruptcy Code; or (2) secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims. The information presented in the list below shall not constitute an admission of liability by, nor is binding on, the Debtors, and the failure to list a claim as contingent, unliquidated, disputed, or subject to setoff does not constitute a waiver of any of the Debtors' right to contest the validity, priority, or amount of any claim.  Further, the inclusion of any creditor on this list shall not constitute an admission that such creditor is a "person" within the meaning of section 101(41) of the Bankruptcy Code or otherwise eligible to serve on an official committee appointed pursuant to section 1102 of the Bankruptcy Code.

| | Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | PJM Interconnection, LLC<br>Attn: Jeannette Mittan, Sr Administrator<br>2750 Monroe Blvd<br>Audubon, PA 19403 | PJM Interconnection, LLC<br>Tel: 610-666-8876<br>Email: Jeannette.Mittan@pjm.com | Penalty | Contingent, Unliquidated & Disputed | | | $38,886,733.93 |
| 2 | Deloitte & Touche, LLP<br>Attn: Renee Vega<br>P.O. Box 844708<br>Dallas, TX 75284-4708 | Deloitte & Touche, LLP<br>Tel: 713-982-2593<br>Email: pshimer@deloitte.com;<br>rarrieux@deloitte.com | Trade | Contingent, Unliquidated & Disputed | | | $59,850.00 |
| 3 | Siemens Energy, Inc<br>Dept Ch10169<br>Palatine, IL 60055-0169 | Siemens Energy, Inc<br>Tel: 215-283-4775<br>Email: support@siemens-energy.com | Trade | Contingent, Unliquidated & Disputed | | | $55,596.52 |
| 4 | Network & Security Technologies<br>161 N Middletown Rd<br>Pearl River, NY 10965 | Network & Security Technologies<br>Tel: 845-620-9500<br>Email: info@nst.us | Trade | Contingent, Unliquidated & Disputed | | | $33,997.34 |

**Debtor name**    Lincoln Power, L.L.C.                           Case No. (If known)

### (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5  Nicor Gas<br>P.O. Box 5407<br>Carol Stream, IL 60197-5407 | Nicor Gas<br>Tel: 888-642-6748<br>Email: customercare@nicorgas.com | February Gas Payable | Contingent, Unliquidated & Disputed | | | $30,064.48 |
| 6  MKD Electric, Inc<br>2590 Alft Ln, Unit A<br>Elgin, IL 60124 | MKD Electric, Inc<br>Tel: 847-608-8244<br>Email: Smasino@Mkdelectric.com | Trade | Contingent, Unliquidated & Disputed | | | $21,141.54 |
| 7  Hill Fire Protection LLC<br>11045 Gage Ave<br>Franklin Park, IL 60131 | Hill Fire Protection LLC<br>Tel: 219-307-0405<br>Email: info@hillgrp.com;<br>daniel.hruska@hillgrp.com | Trade | Contingent, Unliquidated & Disputed | | | $15,452.00 |
| 8  Sherman Mechanical<br>1075 Alexander Ct<br>Cary, IL 60013-1891 | Sherman Mechanical<br>Email: info@shermanmech.com | Trade | Contingent, Unliquidated & Disputed | | | $8,615.00 |
| 9  PME of Ohio, Inc<br>518 W Crescentville Rd<br>Cincinnati, OH 45246 | PME of Ohio, Inc<br>Tel: 513-671-3767<br>Email: Mike@Pmebearings.com | Trade | Contingent, Unliquidated & Disputed | | | $8,400.00 |
| 10  Fusion Cloud Services LLC<br>P.O. Box 51341<br>Los Angeles, CA 90051-5641 | Fusion Cloud Services LLC<br>Tel: 866-252-9216<br>Email: Accountsreceivable@Birch.com | Trade | Contingent, Unliquidated & Disputed | | | $7,824.22 |
| 11  Mostardi Platt<br>888 Industrial Dr<br>Elmhurst, IL 60126 | Mostardi Platt<br>Tel: 630-418-7196<br>Email: Jbogner@Mp-Mail.com | Trade | Contingent, Unliquidated & Disputed | | | $7,394.00 |

**Debtor name**    Lincoln Power, L.L.C.                              Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12  BTI Communications Group Ltd<br>c/o Verve, a Credit Union<br>323 N Carpenter St<br>Chicago, IL 60607 | BTI Communications Group Ltd<br>Tel: 312-432-5330<br>Email: Dknoop@Btigroup.com | Trade | Contingent, Unliquidated & Disputed | | | $7,304.00 |
| 13  Chromalox, Inc<br>P.O. Box 536435<br>Atlanta, GA 30353-6435 | Chromalox, Inc<br>Tel: 704-841-0797<br>Email: sales@chromalox.com | Trade | Contingent, Unliquidated & Disputed | | | $4,050.00 |
| 14  Instamation Systems Inc<br>P.O. Box 4862<br>Boise, ID 83711 | Instamation Systems Inc<br>Tel: 661-589-2219<br>Email: support@instamation.com | Trade | Contingent, Unliquidated & Disputed | | | $2,580.00 |
| 15  Cintas Corp<br>P.O. Box 630921<br>Cincinnati, OH 45263-0921 | Cintas Corp<br>Email: customerservice@cintas.com | Trade | Contingent, Unliquidated & Disputed | | | $2,568.49 |
| 16  Sound, Inc<br>1550 Shore Rd<br>Naperville, IL 60585 | Sound, Inc<br>Email: info@soundinc.be;<br>tchannel@soundinc.com | Trade | Contingent, Unliquidated & Disputed | | | $2,074.00 |
| 17  Mead Obrien Inc<br>P.O. Box 412461<br>Kansas City, MO 64141-2461 | Mead Obrien Inc<br>Email: sales@meadobrien.com | Trade | Contingent, Unliquidated & Disputed | | | $1,618.48 |
| 18  Amazon Capital Services, Inc<br>P.O. Box 035184<br>Seattle, WA 98124 | Amazon Capital Services, Inc<br>Tel: 757-268-4058<br>Email: Barkann@Amazon.com | Trade | Contingent, Unliquidated & Disputed | | | $899.42 |

**Debtor name**  Lincoln Power, L.L.C.

Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | **Total Claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 19  Heritage Crystal Clean LLC<br>13621 Collections Center Dr<br>Chicago, IL 60693 | Heritage Crystal Clean LLC<br>Tel: 877-938-7948<br>Email: cc_contact@crystal-clean.com | Trade | Contingent, Unliquidated & Disputed | | | $873.67 |
| 20  Ohio Semitronics Inc<br>4242 Reynolds Dr<br>Hilliard, OH 43026 | Ohio Semitronics Inc<br>Email: sales@ohiosemitronics.com | Trade | Contingent, Unliquidated & Disputed | | | $694.75 |
| 21  Ingersoll Rand Co<br>15768 Collections Center Dr<br>Chicago, IL 60693 | Ingersoll Rand Co<br>Tel: 508-573-1550<br>Email: Benjamin.Dagostina@Ircom.com | Trade | Contingent, Unliquidated & Disputed | | | $620.00 |
| 22  ASAP Cleaning Service<br>725 Cheyenne Ln<br>Elgin, IL 60123 | ASAP Cleaning Service<br>Email: albert@asapcleaningservices.com;<br>jayausmom@yahoo.com | Trade | Contingent, Unliquidated & Disputed | | | $350.00 |
| 23  De Lage Landen Financial Services, Inc<br>Sbs Leasing a Program of De Lage Landen Fin Svcs<br>Attn: Tom Lograsso<br>P.O. Box 41602<br>Philadelphia, PA 19101-1602 | De Lage Landen Financial Services, Inc<br>Tel: 980-253-6619<br>Email: Tom.Lograsso@Sharpusa.com | Trade | Contingent, Unliquidated & Disputed | | | $321.69 |
| 24  Altorfer Industries Inc<br>P.O. Box 809239<br>Chicago, IL 60580-9201 | Altorfer Industries Inc<br>Tel: 630-279-4400<br>Email: Walup@Pattencat.com | Trade | Contingent, Unliquidated & Disputed | | | $316.00 |
| 25  Jani-King of Illinois<br>2791 Momentum Pl<br>Chicago, IL 60689-5327 | Jani-King of Illinois<br>Email: info@janiking.com;<br>chi@janiking.com | Trade | Contingent, Unliquidated & Disputed | | | $291.46 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims    Page 4

**Debtor name** Lincoln Power, L.L.C.    Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 WW Grainger, Inc<br>Dept 852013051<br>Palatine, IL 60038-0001 | WW Grainger, Inc<br>Tel: 856-234-2524<br>Email: veronica.chaidez@grainger.com | Trade | Contingent, Unliquidated & Disputed | | | $209.78 |
| 27 Weldstar Co<br>Attn: Steve Riva, Controller<br>P.O. Box 1150<br>Aurora, IL 60507 | Weldstar Co<br>Tel: 630-859-3100<br>Fax: 630-859-3199<br>Email: Sriva@Weldstar.com | Trade | | | | $160.58 |
| 28 SD Myers, LLC<br>180 South Ave<br>Tallmadge, OH 44278 | SD Myers, LLC<br>Tel: 330-630-7000<br>Email: info@sdmyers.com | Trade | | | | $110.00 |
| 29 Mid Central Pest Control Inc<br>1747 Autumn Wind Ln<br>Aurora, IL 60504 | Mid Central Pest Control Inc<br>Tel: 800-698-1750<br>Email: drakemcpc@gmail.com | Trade | | | | $105.00 |
| 30 Linde Gas & Equipment Inc<br>Attn: Marisa Taylor, Accounts Rep<br>Dept Ch 10660<br>Palatine, IL 60055-0660 | Linde Gas & Equipment Inc<br>Tel: 515-257-5057; 800-266-4369<br>Email: Marisa.Taylor@Linde.com | Trade | | | | $88.04 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>Elgin Energy Center, LLC<br><br>Debtor. | ) Chapter 11<br>)<br>) Case No. 23-_____(___)<br>)<br>)<br>) |

# LIST OF EQUITY SECURITY HOLDERS[1]

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "**Debtor**") respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

☐ There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒ The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address of Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| Elgin Energy Center Holdings, LLC |  | 100% |

---

[1] This list serves as the required disclosure by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the Chapter 11 Case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 ) |
| Elgin Energy Center, LLC | ) Case No. 23-_____(___) ) ) |
| Debtor. | ) ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Interest Holder | Approximate Percentage of Equity Interests Held |
|---|---|
| Elgin Energy Center Holdings, LLC | 100% |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name **Elgin Energy Center, LLC** | |
| United States Bankruptcy Court for the: | **District of Delaware** |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*
- ☐ Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*
- ☐ Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*
- ☐ Schedule H: Codebtors *(Official Form 206H)*
- ☐ Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*
- ☐ Amended Schedule _____
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **03/31/2023**           X */s/ Justin D. Pugh*
                                    Signature of individual signing on behalf of debtor

                                    **Justin D. Pugh**
                                    Printed name

                                    **Chief Restructuring Officer**
                                    Position or relationship to debtor

Official Form 202            Declaration Under Penalty of Perjury for Non-Individual Debtors